Filed
D.C. Superior Court
09/15/2015 12:03PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

|  |  |
|---|---|
| Xenophon Strategies, Inc.<br>1901 L Street, N.W.<br>Suite 300<br>Washington, D.C. 20036<br><br>Plaintiff,<br>vs.<br><br>Jernigan Copeland & Anderson, PLLC<br>587 Highland Colony Parkway<br>Madison, Mississippi 39158<br><br>Defendant | CA No. 2015 CA 007122 B<br>**Jury Trial Demanded** |

## COMPLAINT
### (Breach of Contract)

1. This is an action for breach of contract by Xenophon, Inc. (hereinafter "Xenophon") against the law firm of Jernigan Copeland & Anderson, PLLC (hereinafter the "Jernigan Firm"), a law firm located in Madison, Mississippi. Xenophon and the Jernigan Firm entered into a contract under which Xenophon would provide public and media relations services in support of a lawsuit that the Jernigan Firm planned to file in the State of Mississippi. Xenophon has fully performed all its obligations under this contract, but the Jernigan Firm has not paid any of the $319,858.26 that it is contractually obligated to pay to Xenophon.

## PARTIES

2. Plaintiff Xenophon Strategies, Inc. is organized under the laws of the Commonwealth of Virginia. Xenophon's principal place of business is 1901 L Street, N.W., Suite 300, Washington, D.C. 20036. Xenophon is a strategic communications firm specializing in public

and media relations, public affairs, crisis communications, advertising and advocacy, and government affairs.

3. Defendant Jernigan Copeland & Anderson, PLLC, is a professional limited liability company organized under the laws of the State of Mississippi. The Jernigan Firm's principal place of business is 587 Highland Colony Parkway, Madison, Mississippi 3918. The Jernigan Firm is a law firm.

## JURISDICTION

4. Jurisdiction of this Court is founded on D.C. Code § 13-423.

5. The claims for relief herein arise from the Jernigan transacting business in the District of Columbia in that it entered into a contract in the District of Columbia that calls for the performance of services in whole or in part in the District of Columbia.

6. The parties have specified that the contract between them shall be governed by and construed in accordance with the law of the District of Columbia, excluding the District's conflicts of laws rules.

## BREACH OF CONTRACT

7. The Contract between the parties, which is dated October 20, 2014, is attached hereto as Exhibit 1 and incorporated herein.

8. The Contract was signed on behalf of Xenophon Strategies by David A. Fuscus on October 20, 2014. Mr. Fuscus is the President of Xenophon Strategies.

9. The Contract was signed on behalf of the Jernigan Firm by Arthur F. Jernigan, Jr. on December 1, 2014. Mr. Jernigan is a member of the Jernigan Firm.

10. Mr. Jernigan has both actual and apparent authority to enter into contracts on behalf of the Jernigan Firm.

11.  Under paragraph 1.1 of the Contract, Xenophon Strategies was to provide a variety of public and media relations services in support of a lawsuit that the Jernigan Firm intended to file in the State of Mississippi.

12.  Under paragraph 2.1 of the Contract, the period of performance began on October 20, 2014.  Under paragraph 2.2 of the Contract, the Contract could be terminated by either party upon 60 days written notice.

13.  On July 8, 2015, Arthur F. Jernigan, Jr. provided written notice that the Jernigan Firm was terminating the Contract. The notice of termination is attached hereto as Exhibit 2. Pursuant to the terms of the Contract, the Contract terminated on September 6, 2015 (60 days after the written notice of termination).

14.  Under paragraphs 4.1 and 4.2 of the Contract, the Jernigan Firm agreed to compensate Xenophon for its services by paying it a monthly retainer of $30,000 and by reimbursing Xenophon for its expenses. In addition, under paragraph 5.2 of the Contract, the Jernigan Firm agreed to pay interest on any payments that were outstanding after more than 30 days.

15. During the term of the Contract, Xenophon fully performed all of its duties under the Contract. At no time did anyone from the Jernigan Firm advise Xenophon that the services it was providing were unsatisfactory in any respect.

16.  During the term of the Contract, Xenophon submitted monthly invoices to the Jernigan Firm. None of these invoices have ever been paid.

17.  On August 11, 2015, Xenophon submitted its final invoice to the Jernigan Firm, seeking payment of its $30,000 monthly retainers, payment of its out-of-pocket expenses, and

payment of finance charges for the delays in payments by the Jernigan Firm. The final invoice is attached hereto as Exhibit 3.

18.   The amount that the Jernigan Firm owed to Xenophon as of August 11, 2015, as shown on the final invoice, was $319,858.26. The Jernigan Firm has not paid this final invoice.

19.   The Jernigan Firm owes Xenophon $319,858.26, plus interest accruing from August 11, 2015.

20.   Under paragraph 7.4 of the Contract, the prevailing party in any dispute between the parties concerning any alleged breach of the Contract is entitled to receive its reasonable attorney's fees and expenses.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Xenophon respectfully asks this Court to:

a.  Award judgment in its favor and against the Jernigan Firm;

b.  Award compensatory damages in the amount of $319,858.26;

c.  Award pre-judgment and post-judgment interest on all amounts awarded herein;

d.  Award Plaintiff its reasonable attorneys' fees and costs; and

e.  Award such other and further relief as justice may provide.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated:  September 15, 2015

Respectfully submitted,

Douglas C. Herbert, DC Bar 291815
Law Office of Douglas C. Herbert
1730 Rhode Island Avenue, N.W., Suite 608
Washington, D.C. 20036
dougherbert@dcherbertlaw.com

4

(202) 659-1400

Counsel for Plaintiff Xenophon Strategies, Inc.

# Exhibit 1



**CONTRACT**
October 20, 2014

Between:

Jernigan, Copeland & Anderson, PLLC
587 Highland Colony Parkway
Ridgeland, MS  39158-2598

and

Xenophon Strategies, Inc.
1901 L ST NW
Suite 300
Washington, DC  20036

This Agreement ("Agreement") sets forth the terms and conditions of the agreement between Xenophon Strategies, Inc. ("Xenophon") and Jernigan, Copeland & Anderson, PLLC ("The Client"), headquartered in Ridgeland, Mississippi.

<u>**Article 1 – Scope of Services**</u>

**1.1 Scope of Services.** The following scope clearly defines Xenophon Strategies' scope of services:

- Design of a full campaign plan.

- Narrative & Messaging. Develop communications tools and documents, including: short written narrative, proof points, back up documents (for journalists), talking points, sound bite list, basic presentation slides, writing points, weakness inoculation or response messages

- Infrastructure development. Develop recommendations for establishing a communications organization for use in the media and produce all branding, digital and other needed collateral materials to get it ready to use.

- Research. Provide recommendations for third party research as needed such as voter issue mapping or focus groups. This research would be billed as a third party expense after client approval.

- Media Mapping. Create a national list of reporters and news sources who are interested in the tobacco settlement issue. Undertake education activities to inform them about the law suit supported by the client.

- Earned Media. Pursue a national "breakout" story for the issue and develop on-going news stories for use with the media. It is understood that the placement of stories is not guaranteed, but that Xenophon will make its best efforts to do so.

- Editorial Outreach. Undertake a program to reach out to editorial boards; to write and place op-ed columns in key publications and assist with editorial outreach specifically within Mississippi.

- Ally Recruitment. Perform outreach as necessary to groups likely to support the Client's efforts such as the U.S. Chamber of Commerce.

- Social Media. Build a social media platform on one or more platforms, develop content and build a relevant audience with interest in the issues.

- Monitoring and Rapid Response. Perform periodic monitoring on the project's issues and make rapid response recommendations to the client. Perform rapid response tasks in the media or social media as approved by the client.

- Event, Interview and spokesman preparation. Perform event, interview and spokesperson training as necessary and approved by the client.

- Other Tasks. Perform other communications tasks as agreed upon by the client.

**1.2 Additional Services.** Additional services such as public affairs campaigns required by the client that fall outside the boundaries of the Scope of Services herein with client approval will be charged at Xenophon's then-currently hourly rates.

### Article 2 – Period of Performance

**2.1 Period of Performance.** The Period of Performance will begin on October 20, 2014 and will be on-going.

**2.2 Termination.** This contract may be terminated by either party with 60-days written notice.

### Article 3 – Staffing

**3.1 Staffing.** Staff for this scope of work will include but is not limited to the following Xenophon personnel:

> David A. Fuscus, President
> Mark Hazlin, Senior Vice President
> Jennifer June, Vice President
> Tammy Lindenberg, Senior Counselor
> Amanda Reid, Senior Associate
> Walker Hamblin, Associate

**3.2 Substitution.** The Client understands and agrees that Xenophon may substitute another similarly qualified staff member to perform the Services. The Client also understands and agrees that Xenophon may, from time to time and at its discretion, augment the above-referenced staff, as needed, to perform the agreed-upon Services.

**3.3 Offers of Employment.** Both Parties agree not to make offers of employment to any of the other Party's employees during or for a period of one year following the conclusion of this Agreement. This provision includes any individuals then-currently employed by the applicable Party during the term of the Agreement either directly or through a third party. The Parties agree that violation of this provision will result in damages equal to one year of the employee's gross salary.

### Article 4 – Fees and Expenses

**4.1 Fees.** Based on the above scope of work, Xenophon will be compensated with a monthly retainer of $30,000 plus expenses. Xenophon will track all hours and supply full detail to the client along with them monthly invoices. All professional fees are subject to a possible calendar year price increase not to exceed 5%.

**4.2. Out-of-Pocket Expenses.** The Client agrees and understands that Xenophon is entitled to reimbursement for Out-of-Pocket Expenses ("Expenses") incurred routinely in conducting its work on the Client's behalf.

(a) The Client agrees to pay Xenophon a fee of six percent (6%) of the professional fees contained in the Client's monthly invoice for the following categories of expenses: Database access/search fees; long distance phone and facsimile charges; client-related cell phone charges; local transportation charges and reference materials and in-house photocopying.

(b) The Client also agrees to reimburse Xenophon, at cost, for expenses incurred for meals and non-local travel (i.e., transportation, lodging, meals and related expenses) authorized by the Client.

(c) The Client agrees and understands that Xenophon is entitled to reimbursement for Third-party Expenses and agrees to pay Xenophon the cost of Third-party Expenses upon receipt. Third-party Expenses shall include, without limitation, the cost of conference calls, subscriptions to specialty publications, external supplier services for media distribution, graphic design, website construction, advertising placement, video production, printed materials, third-party spokesperson fees, meeting facilities and related food, beverage, and audio visual equipment and other vendor and/or subcontractor charges, or others.

Xenophon agrees and understands that all Third-party Expenses of $1,000 or more must receive prior approval from the Client. All third party expenses will be billed along with an industry standard mark up of 17.65%, excluding travel related expenses which shall be billed at cost.

### Article 5 – Client Invoices

**5.1 Monthly Invoices.** Xenophon shall provide the client with monthly invoices detailing its fees and expenses.

(a) For Services, the Client will be invoiced for Services on a monthly basis, along with the six percent professional fee outlined in section 4.2 (a) ("Out-of-Pocket Expenses"). Invoices will be sent on or about the 1st of each month and payment is due upon receipt. The first invoice of this contract will be delivered on or about November 1, 2014 for work performed in October, 2014. A detailed summary of billable time will be provided to the client the following month, after it is incurred.

(b) For Travel and Third-party expenses, the Client will be invoiced after costs are incurred. Payment is due upon receipt. The first Expense Invoice will be delivered on or about December 1, 2014.

**5.2 Late Payments.** Xenophon reserves the right to impose an interest charge equal to its own borrowing rate for any invoice payment outstanding more than 30 days. Xenophon may also stop work on Client accounts that are overdue. In the event Xenophon must suspend work because of the Client's failure to pay its Monthly Invoices in a timely fashion, Xenophon shall have no liability to the Client for delay or damage caused because of such suspension of work.

4

## Article 6 – Modification or Stopping of Work

**6.1 Modification or Stopping of Work.** The Client shall have the right to modify or stop any schedules or work in progress under this agreement; and in such event, Xenophon shall immediately take proper steps to carry out such instructions. However, in any such case, Client, agrees (i) to assume Xenophon's liability for commitments made to third-party vendors in respect of such work; (ii) to pay Xenophon in accordance with the terms and provisions of this Agreement and (iii) to indemnify Xenophon for all claims and actions by third parties for damages in consequence of Xenophon's carrying out the Client's instructions.

## Article 7 – General Provisions

**7.1 General Indemnification.** The Client will indemnify Xenophon against any loss or expense which Xenophon may incur as the result of any claim, suit or proceeding made or brought against Xenophon, or in which Xenophon is asked to participate, based upon information provided or approved by the Client prior to its dissemination, production or publication, as well as any claim or suit brought against Xenophon as a result of its following the instructions of the Client, except for any loss or expense arising out of, either directly or indirectly, Xenophon's negligent acts or omissions. The obligations of this paragraph will survive the expiration of this Agreement.

**7.2 Confidentiality.** Xenophon shall use its best efforts to safeguard the confidentiality of all proprietary and other confidential information and materials provided by the Client and to avoid any dissemination of any such information or materials without the Client's explicit prior approval.

**7.3. Performance of Subcontractors and Suppliers.** Xenophon will endeavor, to the best of its ability, to guard against any loss to the Client through the failure of subcontractors and suppliers to execute properly their commitments, but Xenophon shall not be held responsible for any such failure on the part of such subcontractors or suppliers.

**7.4 Governing Law and Attorney's Fees.** This Agreement shall be governed by and construed in accordance with the laws of the District of Columbia, but excluding the conflict of laws rules thereof. In any dispute between the parties concerning any alleged breach of this Agreement, the prevailing party shall be entitled to receive its reasonable attorney's fees and expenses.

**7.5 Assignment.** Neither Party may assign any of its rights or delegate any of its duties or obligations under this Agreement without the express written consent of the other Party.

**7.6 Partial Invalidity.** In the event that any provision of this Agreement shall be construed to be illegal or invalid for any reason, said legality or invalidity shall not affect

the remaining provisions hereof, but such illegal or invalid provision shall be fully severable and this Agreement shall be construed and enforced as if such illegal and invalid provision had never been included herein.

**7.7 Ownership.** Xenophon acknowledges and agrees that any materials developed or created on behalf of the Client or a related entity in connection with the Services (a "Deliverable") are being created and developed as a Work Made for Hire as defined by U.S. copyright laws and are owned by the Client.  However, Xenophon may make routine use of the final work product developed pursuant to this Agreement as templates or exemplars, provided that any materials provided to third parties that are based upon such final work product cannot be identified as relating to the Client. Xenophon will own copyright, title, and interest in the methodologies used by Xenophon to develop the final work product produced pursuant to this contract, as well as any drafts or other non-final work product.  Xenophon agrees not to publish any drafts or other non-final work product if such publication can be identified as relating to the Client.

**7.8 Entire Agreement.**  This Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and supersedes any prior discussions, negotiations, or agreements with respect to the subject matter hereof.  It may be changed only by a written agreement signed by the Parties.

**7.9 Notice.**  All notices hereunder shall be in writing and shall be deemed delivered upon personal delivery, delivery by Federal Express or another national recognized express delivery service, receipt requested, or three (3) days after deposit in the U.S. mail, first class postage prepaid, certified, return receipt requested, addressed as follows or as indicated by written notice of change of address:

Client:            Jernigan, Copeland & Anderson, PLLC
                   587 Highland Colony Parkway
                   Ridgeland, MS  39158-2598

Xenophon:          Xenophon Strategies, Inc.
                   Attn: Contract Administration
                   1901 L ST NW - Suite 300
                   Washington, DC  20036


AGREED TO AND ACCEPTED:

By: _____

Name/Title: David A. Fuscus, president

Company: Xenophon Strategies, Inc.

Date: October 20, 2014


AGREED TO AND ACCEPTED:

By: _____

Name/Title: _____

Company: _____

Date: 12/1/14

6

# Exhibit 2

## Re: JCA July Invoice

1 message

**David Fuscus** <dfuscus@xenophonstrategies.com>                    Wed, Jul 8, 2015 at 4:18 PM
To: Arthur Jernigan <ajernigan@jcalawfirm.com>

Skip,

Thanks for the quick reply, I appreciate it.  Hopefully something will move in the near future.

Best,

D

David Fuscus
President
Xenophon Strategies, Inc.
www.XenophonStrategies.com

On Jul 8, 2015, at 2:27 PM, Arthur Jernigan <ajernigan@jcalawfirm.com> wrote:

> David
>
> I just assumed you wouldn't be doing anymore work so please consider this a 60 day notice.  Also, I
> have talked to Stacey and emailed him regularly to see if we can him started paying you.  This has been
> a huge hit for all of us and I am sadly disappointed with him and he knows it.   I'll check with him again.
>
> On Wed, Jul 8, 2015 at 12:10 PM, David Fuscus <dfuscus@xenophonstrategies.com> wrote:
>> Skip,
>>
>> Enclosed is the July 1 invoice for Xenophon's retainer.  As I've mentioned before, unless you
>> anticipate the work resuming shortly, you should consider giving the 60 day stop work notice per our
>> contract.
>>
>> Best,
>>
>> David
>>
>> David A. Fuscus
>> President/CEO
>>
>>
>> 202-289-4001 - Office
>> www.XenophonStrategies.com

# Exhibit 3

## Final invoice and statement of charges.

1 message

**David Fuscus** <dfuscus@xenophonstrategies.com>                                      Tue, Aug 11, 2015 at 3:42 PM
To: "Arthur F. Jernigan Jr. (ajernigan@jcalawfirm.com)" <ajernigan@jcalawfirm.com>
Cc: Jennifer June Lay <jlay@xenophonstrategies.com>, Mark Hazlin <mhazlin@xenophonstrategies.com>, Adam Dietrich
<adietrich@xenophonstrategies.com>

Skip,

Enclosed is the final invoice from Xenophon which takes us through the 60 day cancellation period that you triggered
on July 8th. I'm also enclosing a recap of all charges due for your reference.

As a point of reference, the total includes $22,178.97 in expenses including travel expenses for multiple trips to
Mississippi. I'd like to request that we be made whole on our expenses as a good faith start to resolving this matter.

If you are around this week, I would like to schedule a call to continue our discussions. I am available at your
convenience.

Best,

David


David A. Fuscus
President/CEO


202-289-4001 - Office
www.XenophonStrategies.com


---

**3 attachments**

📄 **jca statement.pdf**
129K

📄 **ATT00001.c**
1K

📄 **jca.pdf**
135K



**xenophon**
S T R A T E G I E S

1901 L Street NW
Suite 300
Washington, DC 20036

**Statement**

| As of |
|---|
| 8/11/2015 |

| To: |
|---|
| Jernigan, Copeland & Anderson, PLLC<br>Arthur F. Jernigan<br>587 Highland Colony Parkway<br>Ridgeland, MS 39158 |

| Date | Transaction(s) | Amount | Balance |
|---|---|---|---|
| 11/01/2014 | Campaign Plan Oct. 2014-<br>INV #32131. Due 11/01/2014. Orig. Amount $13,896.60.<br>--- Public Relations $13,110.00<br>--- 6% Expense Fee $786.60 | 13,896.60 | 13,896.60 |
| 12/01/2014 | INV #32132. Due 12/01/2014. Orig. Amount $31,800.00.<br>--- Public Relations $30,000.00<br>--- 6% Expense Fee $1,800.00 | 31,800.00 | 45,696.60 |
| 01/01/2015 | INV #32184. Due 01/01/2015. Orig. Amount $33,387.60.<br>--- Public Relations $30,000.00<br>--- 6% Expense Fee $1,800.00<br>--- Flights to and from Jackson, MS for in-person strategy session. $1,587.60 | 33,387.60 | 79,084.20 |
| 02/01/2015 | INV #32198. Due 02/01/2015. Orig. Amount $34,831.19.<br>--- Public Relations $42,231.00<br>--- 6% Expense Fee $2,533.86<br>--- Discount $-12,231.00<br>--- Private registrations and URL purchases for the month of January $129.93<br>--- Travel Expenses for In-person Strategy Meeting $2,167.40 | 34,831.19 | 113,915.39 |
| 03/01/2015 | INV #32222. Due 03/01/2015. Orig. Amount $31,800.00.<br>--- Public Relations $30,000.00<br>--- 6% Expense Fee $1,800.00<br>--- $ | 31,800.00 | 145,715.39 |
| 04/01/2015 | INV #32234. Due 04/01/2015. Orig. Amount $31,800.00.<br>--- Public Relations $30,000.00<br>--- 6% Expense Fee $1,800.00<br>--- $ | 31,800.00 | 177,515.39 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 40,384.43 | 32,796.05 | 32,693.47 | 213,984.31 | $319,858.26 |

accounting@xenophonstrategies.com



**xenophon**
S T R A T E G I E S

1901 L Street NW
Suite 300
Washington, DC 20036

**Statement**

| As of |
|---|
| 8/11/2015 |

| To: |
|---|
| Jernigan, Copeland & Anderson, PLLC |
| Arthur F. Jernigan |
| 587 Highland Colony Parkway |
| Ridgeland, MS 39158 |

| Date | Transaction(s) | Amount | Balance |
|---|---|---|---|
| 04/14/2015 | INV #FC 36. Due 04/14/2015. Orig. Amount $1,958.86.<br>Finance Charge<br>--- Fin Chg $1,958.86<br>--- Invoice #32131 for 13,896.60 on 11/01/2014<br>--- Invoice #32132 for 31,800.00 on 12/01/2014<br>--- Invoice #32184 for 33,387.60 on 01/01/2015<br>--- Invoice #32198 for 34,831.19 on 02/01/2015<br>--- Invoice #32222 for 31,800.00 on 03/01/2015<br>--- Invoice #32234 for 31,800.00 on 04/01/2015 | 1,958.86 | 179,474.25 |
| 04/30/2015 | INV #FC 38. Due 04/30/2015. Orig. Amount $389.08.<br>Finance Charge<br>--- Fin Chg $389.08<br>--- Invoice #32131 for 13,896.60 on 11/01/2014<br>--- Invoice #32132 for 31,800.00 on 12/01/2014<br>--- Invoice #32184 for 33,387.60 on 01/01/2015<br>--- Invoice #32198 for 34,831.19 on 02/01/2015<br>--- Invoice #32222 for 31,800.00 on 03/01/2015<br>--- Invoice #32234 for 31,800.00 on 04/01/2015 | 389.08 | 179,863.33 |
| 05/01/2015 | INV #32237. Due 05/01/2015. Orig. Amount $33,432.48.<br>--- Public Relations $30,000.00<br>--- 6% Expense Fee $1,800.00<br>--- $<br>--- Airfare for MS media training trip $551.00<br>--- GoDaddy URL registrations and renewals for billionsmissing web page $548.15<br>--- Meeting expenses related to preparation session with S. Pickering $533.33 | 33,432.48 | 213,295.81 |
| 05/07/2015 | INV #32252. Due 05/07/2015. Orig. Amount $688.50.<br>--- Graphic design art work/photo's & travel expenses related to the Jackson press conference. $688.50 | 688.50 | 213,984.31 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---|---|---|---|---|---|
| 0.00 | 40,384.43 | 32,796.05 | 32,693.47 | 213,984.31 | $319,858.26 |

accounting@xenophonstrategies.com



**xenophon**
S T R A T E G I E S
1901 L Street NW
Suite 300
Washington, DC 20036

| Statement |
| :-: |
| As of |
| 8/11/2015 |

| To: |
| :--- |
| Jernigan, Copeland & Anderson, PLLC |
| Arthur F. Jernigan |
| 587 Highland Colony Parkway |
| Ridgeland, MS 39158 |

| Date | Transaction(s) | Amount | Balance |
| :--- | :--- | ---: | ---: |
| 05/31/2015 | INV #FC 40, Due 05/31/2015, Orig. Amount $893.47, Finance Charge<br>--- Fin Chg $893.47<br>--- Invoice #32131 for 13,896.60 on 11/01/2014<br>--- Invoice #32132 for 31,800.00 on 12/01/2014<br>--- Invoice #32184 for 33,387.60 on 01/01/2015<br>--- Invoice #32198 for 34,831.19 on 02/01/2015<br>--- Invoice #32222 for 31,800.00 on 03/01/2015<br>--- Invoice #32234 for 31,800.00 on 04/01/2015<br>--- Invoice #32237 for 33,432.48 on 05/01/2015<br>--- Invoice #32252 for 688.50 on 05/07/2015 | 893.47 | 214,877.78 |
| 06/01/2015 | INV #32264, Due 06/01/2015, Orig. Amount $31,800.00,<br>--- Public Relations $30,000.00<br>--- 6% Expense Fee $1,800.00<br>--- $ | 31,800.00 | 246,677.78 |
| 06/30/2015 | INV #FC 43, Due 06/30/2015, Orig. Amount $996.05, Finance Charge<br>--- Fin Chg $996.05<br>--- Invoice #32131 for 13,896.60 on 11/01/2014<br>--- Invoice #32132 for 31,800.00 on 12/01/2014<br>--- Invoice #32184 for 33,387.60 on 01/01/2015<br>--- Invoice #32198 for 34,831.19 on 02/01/2015<br>--- Invoice #32222 for 31,800.00 on 03/01/2015<br>--- Invoice #32234 for 31,800.00 on 04/01/2015<br>--- Invoice #32237 for 33,432.48 on 05/01/2015<br>--- Invoice #32252 for 688.50 on 05/07/2015<br>--- Invoice #32264 for 31,800.00 on 06/01/2015 | 996.05 | 247,673.83 |
| 07/01/2015 | INV #32283, Due 07/01/2015, Orig. Amount $31,800.00,<br>--- Public Relations $30,000.00<br>--- 6% Expense Fee $1,800.00<br>--- $ | 31,800.00 | 279,473.83 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
| :---: | :---: | :---: | :---: | :---: | :---: |
| 0.00 | 40,384.43 | 32,796.05 | 32,693.47 | 213,984.31 | $319,858.26 |

accounting@xenophonstrategies.com



## xenophon
S T R A T E G I E S

1901 L Street NW
Suite 300
Washington, DC 20036

**Statement**

| As of |
|-------|
| 8/11/2015 |

| To: |
|-----|
| Jernigan, Copeland & Anderson, PLLC |
| Arthur F. Jernigan |
| 587 Highland Colony Parkway |
| Ridgeland, MS 39158 |

| Date | Transaction(s) | Amount | Balance |
|------|----------------|--------|---------|
| 07/31/2015 | INV #FC 50, Due 07/31/2015, Orig. Amount $1,164.43, Finance Charge<br>--- Fin Chg $1,164.43<br>--- Invoice #32131 for 13,896.60 on 11/01/2014<br>--- Invoice #32132 for 31,800.00 on 12/01/2014<br>--- Invoice #32184 for 33,387.60 on 01/01/2015<br>--- Invoice #32198 for 34,831.19 on 02/01/2015<br>--- Invoice #32222 for 31,800.00 on 03/01/2015<br>--- Invoice #32234 for 31,800.00 on 04/01/2015<br>--- Invoice #32237 for 33,432.48 on 05/01/2015<br>--- Invoice #32252 for 688.50 on 05/07/2015<br>--- Invoice #32264 for 31,800.00 on 06/01/2015<br>--- Invoice #32283 for 31,800.00 on 07/01/2015 | 1,164.43 | 280,638.26 |
| 08/01/2015 | INV #32298, Due 08/01/2015, Orig. Amount $39,220.00,<br>--- Public Relations $30,000.00<br>--- 6% Expense Fee $1,800.00<br>--- Public Relations $7,000.00<br>--- 6% Expense Fee $420.00 | 39,220.00 | 319,858.26 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | Amount Due |
|---------|--------------------|--------------------|--------------------|----------------------|------------|
| 0.00 | 40,384.43 | 32,796.05 | 32,693.47 | 213,984.31 | $319,858.26 |

accounting@xenophonstrategies.com

 **xenophon**
S T R A T E G I E S

# INVOICE

| Invoice # | Date | Amount Due |
|---|---|---|
| 32298 | 8/1/2015 | $39,220.00 |

| Due Date |
|---|
| 8/1/2015 |

**Bill To**

Jernigan, Copeland & Anderson, PLLC
Arthur F. Jernigan
587 Highland Colony Parkway
Ridgeland, MS 39158

Terms:   Due on receipt

| | Amount |
|---|---|
| Professional services for the month of August 2015. | 30,000.00 |
| Routine expenses | 1,800.00 |
| Professional services for the month of September 2015.  Final billings through 09/07/15 as per cancelation letter dated 06/08/15. | 7,000.00 |
| Routine expenses | 420.00 |

Total Amount Due for this Invoice:                                                   $39,220.00

Wiring Instructions:
Account Number: 20054173
Account Beneficiary: Xenophon Strategies, Inc.
Bank: United Bank
Swiss Code/Routing Number: 056004445
Company Name: Xenophon Strategies, Inc.
FEIN: 54-2005340   DUNS: 102337792
Please reference the invoice number on the wire transfer
Xenophon Strategies, Inc is a Small Business

Please Remit Payment to: Xenophon Strategies, Inc.
1901 L Street NW, Suite 300 Washington, DC  20036
Contact: Accounting Department, accounting@xenophonstrategies.com
(202) 289-4001

| Payments/Credits | $0.00 |
|---|---|
| **Balance Due** | **$39,220.00** |



**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

_Xenophon Strategies, Inc._
                                    Plaintiff

vs.                                          Case Number  2015 CA 007122 B

_Jernigan Copeland & Anderson, PLLC_
                                    Defendant

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

_Douglas C Herbert Jr_                              _Clerk of the Court_
Name of Plaintiff's Attorney

_1730 Rhode Island Ave NW Ste 608_          By _____
Address
_Washington DC 20036_                                      Deputy Clerk

_202 659 1400_                                 Date  09/16/2015
Telephone
如需翻译,请打电话 (202) 879-4828      Veuillez appeler au (202) 879-4828 pour une traduction      Để có một bản dịch, hãy gọi (202) 879-4828
번역을 원하시면, (202) 879-4828 로 전화주십시오      የአማርኛ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, _DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME._

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

FORM SUMMONS - Jan. 2011                                          CASUM.doc





**TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA**
DIVISIÓN CIVIL
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Teléfono: (202) 879-1133

*Xenophon Strategies, Inc*
_____
Demandante

contra

*Jernigan Copeland & Anderson, PLLC*
_____
Demandado

Número de Caso: _____

**CITATORIO**

Al susodicho Demandado:

Por la presente se le cita a comparecer y se le require entregar una Contestación a la Demanda adjunta, sea en persona o por medio de un abogado, en el plazo de veinte (20) días contados después que usted haya recibido este citatorio, excluyendo el día mismo de la entrega del citatorio. Si usted está siendo demandado en calidad de oficial o agente del Gobierno de los Estados Unidos de Norteamérica o del Gobierno del Distrito de Columbia, tiene usted sesenta (60) días contados después que usted haya recibido este citatorio, para entregar su Contestación. Tiene que enviarle por correo una copia de su Contestación al abogado de la parte demandante. El nombre y dirección del abogado aparecen al final de este documento. Si el demandado no tiene abogado, tiene que enviarle al demandante una copia de la Contestación por correo a la dirección que aparece en este Citatorio.

A usted también se le require presentar la Contestación original al Tribunal en la Oficina 5000, sito en 500 Indiana Avenue, N.W., entre las 8:30 a.m. y 5:00 p.m., de lunes a viernes o entre las 9:00 a.m. y las 12:00 del mediodía los sábados. Usted puede presentar la Contestación original ante el Juez ya sea antes que Usted le entregue al demandante una copia de la Contestación o en el plazo de cinco (5) días de haberle hecho la entrega al demandante. Si usted incumple con presentar una Contestación, podría dictarse un fallo en rebeldía contra usted para que se haga efectivo el desagravio que se busca en la demanda.

*Douglas C. Herbert Jr.*
_____
Nombre del abogado del Demandante

*1730 Rhode Island Ave NW Ste 608*
_____
Dirección
*Washington DC 20036*
_____
*202 659 1400*
_____
Teléfono

*SECRETARIO DEL TRIBUNAL*

Por: _____
Subsecretario

Fecha _____

如需翻译,请打电话 (202) 879-4828        Veuillez appeler au (202) 879-4828 pour une traduction        Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요        [Amharic text] (202) 879-4828 ይደውሉ

IMPORTANTE: SI USTED INCUMPLE CON PRESENTAR UNA CONTESTACIÓN EN EL PLAZO ANTES MENCIONADO, O, SI LUEGO DE CONTESTAR, USTED NO COMPARECE CUANDO LE AVISE EL JUZGADO, PODRÍA DICTARSE UN FALLO EN REBELDÍA CONTRA USTED PARA QUE SE LE COBRE LOS DAÑOS Y PERJUICIOS U OTRO DESAGRAVIO QUE SE BUSQUE EN LA DEMANDA. SI ESTO OCURRE, PODRÍAN RETENERLE SUS INGRESOS, O PODRÍAN TOMAR SUS BIENES PERSONALES O RAÍCES Y VENDERLOS PARA PAGAR EL FALLO. SI USTED PRETENDE OPONERSE A ESTA ACCIÓN, *NO DEJE DE CONTESTAR LA DEMANDA DENTRO DEL PLAZO EXIGIDO*.

Si desea conversar con un abogado y le parece que no puede afrontar el costo de uno, llame pronto a una de nuestras oficinas del Legal Aid Society (202-628-1161) o el Neighborhood Legal Services (202-279-5100) para pedir ayuda o venga a la Oficina 5000 del 500 Indiana Avenue, N.W., para informarse de otros lugares donde puede pedir ayuda al respecto.

Vea al dorso el original en inglés
See reverse side for English original

CASUM.doc

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET

_Xenophon Strategies, Inc._

Case Number: **2015 CA 007122 B**

Date: _9/15/2015_

vs

_Jernigan Copeland & Anderson PLLC_

☐ One of the defendants is being sued in their official capacity.

| | |
|---|---|
| Name: *(Please Print)* _Douglas C. Herbert Jr_ <br> Firm Name: _Law Office of Douglas C Herbert_ <br> Telephone No.:  _202 659 1400_     Six digit Unified Bar No.: _291815_ | Relationship to Lawsuit <br> ☒ Attorney for Plaintiff <br> ☐ Self (Pro Se) <br> ☐ Other: _____ |

TYPE OF CASE: ☐ Non-Jury    ☒ 6 Person Jury    ☐ 12 Person Jury

Demand: $_319,858.26_          Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED

Case No.:_____  Judge: _____  Calendar #:_____

Case No.:_____  Judge: _____  Calendar#:_____

---

NATURE OF SUIT:    *(Check One Box Only)*

**A. CONTRACTS**                    **COLLECTION CASES**

☒ 01 Breach of Contract
☐ 02 Breach of Warranty
☐ 06 Negotiable Instrument
☐ 07 Personal Property
☐ 13 Employment Discrimination
☐ 15 Special Education Fees

☐ 14 Under $25,000 Pltf. Grants Consent
☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 27 Insurance/Subrogation
    Over $25,000 Pltf. Grants Consent
☐ 07 Insurance/Subrogation
    Under $25,000 Pltf. Grants Consent
☐ 28 Motion to Confirm Arbitration
    Award (Collection Cases Only)

☐ 16 Under $25,000 Consent Denied
☐ 18 OVER $25,000 Consent Denied
☐ 26 Insurance/Subrogation
    Over $25,000 Consent Denied
☐ 34 Insurance/Subrogation
    Under $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile
☐ 02 Conversion
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

☐ 03 Destruction of Private Property
☐ 04 Property Damage

☐ 05 Trespass

**C. PERSONAL TORTS**

☐ 01 Abuse of Process
☐ 02 Alienation of Affection
☐ 03 Assault and Battery
☐ 04 Automobile- Personal Injury
☐ 05 Deceit (Misrepresentation)
☐ 06 False Accusation
☐ 07 False Arrest
☐ 08 Fraud

☐ 10 Invasion of Privacy
☐ 11 Libel and Slander
☐ 12 Malicious Interference
☐ 13 Malicious Prosecution
☐ 14 Malpractice Legal
☐ 15 Malpractice Medical (including Wrongful Death)
☐ 16 Negligence- (Not Automobile,
    Not Malpractice)

☐ 17 Personal Injury- (Not Automobile,
    Not Malpractice)
☐ 18 Wrongful Death (Not Malpractice)
☐ 19 Wrongful Eviction
☐ 20 Friendly Suit
☐ 21 Asbestos
☐ 22 Toxic/Mass Torts
☐ 23 Tobacco
☐ 24 Lead Paint

SEE REVERSE SIDE AND CHECK HERE        IF USED

# Information Sheet, Continued

## C. OTHERS

- [ ] 01 Accounting
- [ ] 02 Att. Before Judgment
- [ ] 05 Ejectment
- [ ] 09 Special Writ/Warrants
  (DC Code § 11-941)
- [ ] 10 Traffic Adjudication
- [ ] 11 Writ of Replevin
- [ ] 12 Enforce Mechanics Lien
- [ ] 16 Declaratory Judgment

- [ ] 17 Merit Personnel Act (OEA)
  (D.C. Code Title 1, Chapter 6)
- [ ] 18 Product Liability
- [ ] 24 Application to Confirm, Modify,
  Vacate Arbitration Award (DC Code § 16-4401)
- [ ] 29 Merit Personnel Act (OHR)
- [ ] 31 Housing Code Regulations
- [ ] 32 Qui Tam
- [ ] 33 Whistleblower

## II.

- [ ] 03 Change of Name
- [ ] 06 Foreign Judgment/Domestic
- [ ] 08 Foreign Judgment/International
- [ ] 13 Correction of Birth Certificate
- [ ] 14 Correction of Marriage
  Certificate
- [ ] 26 Petition for Civil Asset Forfeiture (Vehicle)
- [ ] 27 Petition for Civil Asset Forfeiture (Currency)
- [ ] 28 Petition for Civil Asset Forfeiture (Other)

- [ ] 15 Libel of Information
- [ ] 19 Enter Administrative Order as
  Judgment [ D.C. Code §
  2-1802.03 (h) or 32-151 9 (n)]
- [ ] 20 Master Meter (D.C. Code §
  42-3301, et seq.)

- [ ] 21 Petition for Subpoena
  [Rule 28-I (b)]
- [ ] 22 Release Mechanics Lien
- [ ] 23 Rule 27(a)(1)
  (Perpetuate Testimony)
- [ ] 24 Petition for Structured Settlement
- [ ] 25 Petition for Liquidation

## D. REAL PROPERTY

- [ ] 09 Real Property-Real Estate
- [ ] 12 Specific Performance
- [ ] 04 Condemnation (Eminent Domain)
- [ ] 10 Mortgage Foreclosure/Judicial Sale
- [ ] 11 Petition for Civil Asset Forfeiture (RP)

- [ ] 08 Quiet Title
- [ ] 25 Liens: Tax / Water Consent Granted
- [ ] 30 Liens: Tax / Water Consent Denied
- [ ] 31 Tax Lien Bid Off Certificate Consent Granted

_____
Attorney's Signature

9/15/2015
_____
Date

CV-496/ June 2015

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| Xenophon Strategies, Inc.<br>    1901 L Street, N.W.<br>    Suite 300<br>    Washington, D.C. 20036<br><br>                    **Plaintiff,**<br>    **vs.**<br><br>Jernigan Copeland & Anderson, PLLC<br>    587 Highland Colony Parkway<br>    Madison, Mississippi 39158<br><br>                    **Defendant** | CA No. 2015 CA 007122 B<br>**Jury Trial Demanded** |

## CERTIFICATION PURSUANT TO RULE 7.1(a)

I, the undersigned, counsel of record for Plaintiff, certify that to the best of my

knowledge and belief, the Plaintiff Xenophon Strategies does not have any parent

company and no publicly held corporation owns 10% or more of its stock.

These representations are made in order that judges to this court may determine

the need for recusal.

Dated: September 15, 2015

                                  _____/s/_____
                                    Douglas C. Herbert (DC Bar #
                                    291815)
                                    1730 Rhode Island Avenue, NW
                                    Suite 608 Washington, D.C.  20036
                                    Telephone: (202) 659-1400
                                    Fax: (202) 659-2435
                                    E-mail:
                                    dougherbert@dcherbertlaw.com

                                    Counsel for Plaintiff Xenophon
                                    Strategies, Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that I will cause the foregoing CERTIFICATION PURSUANT

TO RULE 7.1(a) to be served upon Defendant Jernigan Copeland & Anderson, PLLC

along with the Complaint and Summons in this case.

_____/s/_____
Douglas C. Herbert



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

XENOPHON STRATEGIES INC
    Vs.                                  C.A. No.      2015 CA 007122 B
JERNIGAN COPELAND AND ANDERSON, PLLC
### INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

(6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

Chief Judge Lee F. Satterfield

Case Assigned to: Judge RONNA L BECK
Date:   September 16, 2015
Initial Conference: 9:30 am, Friday, January 15, 2016
Location:  Courtroom 219
             500 Indiana Avenue N.W.

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www:dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Lee F. Satterfield

Caio.doc